CATHERINE A. CONWAY, SBN 98366
  cconway@gibsondunn.com
JESSE A. CRIPPS, SBN 222285
  jcripps@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone:  213.229.7000
Facsimile:   213.229.7520

HEATHER D. HEARNE, SBN 254496
  hhearne@gibsondunn.com
JUSTIN T. GOODWIN, SBN 278721
  jgoodwin@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
3161 Michelson Drive
Irvine, CA 92612-4412
Telephone:  949.451.3800
Facsimile:   949.451.4220

Attorneys for Defendant
MICHAELS STORES, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| BRIAN ADAMS, an individual, et al.,<br><br>            Plaintiffs,<br><br>     v.<br><br>MICHAELS STORES, INC., a Delaware corporation,<br><br>            Defendant. | CASE NO. CV 09-1939-GW(AGRx)<br><br>**FINDINGS OF FACT AND CONCLUSIONS OF LAW**<br><br>Trial Date: December 14, 2010<br>                   9:00 a.m.<br><br>Location:  Courtroom 10<br>312 North Spring St.,<br>Los Angeles, CA 90012 |

Defendant Michaels Stores, Inc. ("Michaels"), respectfully submits the following Findings of Fact and Conclusions of Law pursuant to Fed. R. Civ. P. 52(a) and following the bench trial of Plaintiff Gayle Booth's claims in this action, which was held on December 14, 2010.

This action came on for Court Trial before the Honorable George H. Wu, United States District Court Judge, Central District, on December 14, 2010, at 9:00 a.m., in Courtroom 10, located at 312 North Spring Street, Los Angeles, CA 90012. Plaintiff Gayle Booth ("Plaintiff") and Defendant Michaels Stores, Inc. ("Defendant" or "Michaels") appeared through their counsel of record.

The Court, having read and considered all of the papers filed, and arguments made, as well as all other matters on file and properly before the Court, including the trial testimony and evidence presented, does hereby make the following Findings of Fact and Conclusions of Law:

1. Defendant operates specialty retail stores throughout the United States that sell an assortment of crafts, home decor items, picture framing materials and services, custom floral arrangements, and art and hobby supplies. Each of Defendant's stores employs a Store Manager, a salaried employee responsible for the overall management of the store, as well as hourly employees who report to the Store Manager.

2. Plaintiff was hired by Defendant in October 2000. After completing a training program, Plaintiff became the Store Manager of a Michaels store in Montclair, California in November 2000. Plaintiff managed that store until she was transferred to the Rancho Cucamonga, California store in September 2001. Plaintiff remained the Store Manager of the Rancho Cucamonga store as of the time of trial.

3. Defendant classifies its Store Managers, including Plaintiff, as exempt executive employees pursuant to the Industrial Welfare Commission Wage Order No. 7-2001 and codified in title 8, section 11070 of the California Code of Regulations.

4. On March 20, 2009, Plaintiff Gayle Booth filed an individual action against Defendant alleging that, in her capacity as Store Manager at Michaels, she had been misclassified as an exempt employee. The complaint alleged various violations of the California Labor Code, including the failure to pay overtime compensation (Cal. Labor Code §§ 510, 1194, 1198), failure to provide meal and rest breaks (Cal. Labor

Code §§ 226.7, 512), and failure to provide accurate wage statements (Cal. Labor Code § 226), and unfair competition under California Business & Professions § 17200 et seq.

5. The parties stipulated that the applicable statute of limitations period for Plaintiff's claims runs from May 10, 2002, until the entry of judgment.

6. Plaintiff dismissed all of her Labor Code claims several days before trial and proceeded to trial on her unfair competition claim, thus foregoing a jury trial.

7. Under the executive exemption, as set forth in Wage Order No. 7-2001, an employee is not subject to certain provisions of the wage order, including the overtime and meal and rest break provisions, if:

> (a) his or her "duties and responsibilities involve the management of the enterprise in which he/she is employed or of a customarily recognized department or subdivision thereof;"
>
> (b) he or she "customarily and regularly directs the work of two or more employees therein;"
>
> (c) he or she "has the authority to hire or fire other employees or [his or her] suggestions and recommendations as to the hiring or firing and as to the advancement and promotion or any other change of status of other employees will be given particular weight;"
>
> (d) he or she "customarily and regularly exercises discretion and independent judgment;"
>
> (e) he or she "is primarily engaged in duties which meet the test of the exemption;" and
>
> (f) he or she "earn[s] a monthly salary equivalent to no less than two (2) times the state minimum wage for full-time employment."

8 Cal. Code Regs. tit. 8, § 11070(1)(A)(1).

8. As defendant, Michaels has the burden of showing that all elements of the exemption are established as to Plaintiff. *Ramirez v. Yosemite Water Co.*, 20 Cal. 4th 785, 794-95 (1999). With respect to Plaintiff, there was a bona fide dispute between

the parties only as to the fifth element of the exemption—i.e., whether Plaintiff was "primarily engaged" in duties which meet the test of the exemption.

9. In determining whether an employee satisfies the requirements for the executive exemption and whether they are "primarily engaged" in duties which meet the test of the exemption, the Court must take into account "the work actually performed by the employee during the course of the workweek . . . and the amount of time the employee spends on such work, *together with the employer's realistic expectations and the realistic requirements of the job*[.]" 8 Cal. Code Regs. § 11070(1)(A)(1)(e) (emphasis added). An employee cannot defeat the exemption by delegating away managerial duties, choosing to focus on non-managerial duties instead, or otherwise failing to spend his or her time on managerial work in contravention of the employer's realistic expectations. *Ramirez*, 20 Cal. 4th at 802; *see also Walsh v. IKON Office Solutions, Inc*., 148 Cal. App. 4th 1440, 1456 (2007).

10. There is no reasonable factual dispute as to how Defendant expected Store Managers in general—and Plaintiff in particular—to be spending their time, and that is "primarily engaged" in managing the employees and the operations at the store. In other words, Defendant expected Store Managers, including Plaintiff, to spend significantly more than 50 percent of their time performing exempt work.

11. Defendant's expectation that Store Managers—and Plaintiff in particular—spend more than 50 percent of their time engaging in exempt activities was both reasonable and realistic.

12. Among other things, Plaintiff had responsibility for hiring, promoting, disciplining, firing, training, scheduling, monitoring the labor budget, ensuring that the store was adequately stocked, monitoring pricing within the store, and dealing with store advertisements, promotions, and store vendors.

13. In terms of scheduling, Defendant had in place a system whereby increased labor hours within a store were tied into sales volume such that greater sales would justify intentionally more available labor hours. Store Managers were also

1  allowed to ask for time even if the volume of sales was not sufficient to justify
2  increased labor hours.  The Store Managers themselves could make such requests, and
3  there was no credible evidence presented that the upper management would ignore
4  such requests if made.

5      14.    Based on the evidence, the Court finds that Plaintiff did, in fact, spend
6  more than 50 percent of her time doing exempt work.  And even assuming for
7  purposes of argument that Plaintiff did not spend more than 50 percent of her time
8  doing exempt work, this was in clear violation of Defendant's well-expressed
9  expectations, and moreover, Defendant was not on notice that Plaintiff was spending
10  less than half her time on exempt tasks.

11      15.    Defendant properly classified Plaintiff as an exempt executive employee
12  under Wage Order No. 7-2001; 8 Cal. Code Regs. tit. 8, § 11070(1)(A)(1).

13      16.    The Court has jurisdiction over this action pursuant to 28 U.S.C.
14  § 1332(a).

15  DATED:  July 31, 2013

16
17                                    The Honorable George H. Wu
                                  United States District Court Judge
18                                    Central District of California

19  Respectfully Submitted,

20  GIBSON, DUNN & CRUTCHER LLP
    CATHERINE A. CONWAY
21  JESSE A. CRIPPS
    HEATHER D. HEARNE
22  JUSTIN T. GOODWIN

23  By:    */s/ Jesse A. Cripps*
            Jesse A. Cripps
24
25  Attorneys for Defendant
    MICHAELS STORES, INC.

26
27  101477343.3
28

Gibson, Dunn &
Crutcher LLP